UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALL SAINTS' EPISCOPAL CHURCH | § | |
| | § | |
| | § | |
| Plaintiff, | § | No._____ |
| | § | |
| v. | § | |
| | § | |
| THE RT. REV. JACK LEO IKER | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, All Saints' Episcopal Church ("Plaintiff"), files this suit against

Defendant Jack Leo Iker ("Defendant" or "Iker"), on the grounds set forth below.

## I.
## PARTIES

1.1    Plaintiff All Saints' Episcopal Church is a religious nonprofit corporation

with its principal place of business at 5001 Crestline Road, Fort Worth Texas, 76107.

1.2    Defendant The Rt. Rev. Jack Leo Iker is an individual who may be served

with process at 2900 Alemeda St., Fort Worth, Texas 76116.

## II.
## JURISDICTION AND VENUE

2.1    This action arises in part under the Lanham Act, 15 U.S.C. 1125(a) This

Court has jurisdiction over this action pursuant to 15 U.S.C. §1121; and 28 U.S.C. 1367.

2.2    This Court has personal jurisdiction over Defendant because he resides in

Tarrant County, Texas.

2.3     Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.
### NATURE OF THE ACTION

3.1     This action relates to Defendant's intentional, unauthorized use of Plaintiff's name and service mark, "All Saints' Episcopal Church."  Plaintiff has been the exclusive provider of religious services and works of The Episcopal Church of the United States of America ("The Episcopal Church") under the name All Saints' Episcopal Church in the Fort Worth area since approximately 1946.  Plaintiff brings suit, in part, to protect its name, service mark and other property interests for its own use and for any other person or entity to which Plaintiff may have given or may give its permission to use same.  Plaintiff has not given such permission to Defendant.

3.2     In November 2008, Defendant left The Episcopal Church in which he had been a bishop. It is Defendant's contention that virtually all of the churches in his former Episcopal Diocese followed him when he left The Episcopal Church.  However, in approximately December 2008, Plaintiff informed Defendant on multiple occasions that Plaintiff was not a member of his purported diocese but was, as it has always been, a parish in The Episcopal Church.

3.3     Shortly thereafter, seeing that he could not gain physical control of Plaintiff's property and assets, Defendant, together with others, formed a church he called "All Saints' Episcopal Church." This church holds services for Defendant in Fort Worth, just a short distance from Plaintiff's location.  Defendant alleges on his website that "All Saints' Episcopal Church" in Fort Worth is a church in his purported diocese and that his

diocese is a member of the Anglican Province of the Southern Cone.

     3.4    This action also relates to Defendant's breach or breaches of fiduciary duty to Plaintiff when he was the bishop of the Diocese of Fort Worth in The Episcopal Church.

## IV.
## FACTUAL BACKGROUND

**A.**   **All Saints' Episcopal Church Is a Member of The Episcopal Church of the United States of America**

     4.1    Plaintiff All Saints' Episcopal Church was founded in 1946 in Fort Worth, Texas as an Episcopal mission through the Episcopal Diocese of Dallas and The Episcopal Church of the United States of America. The mission was awarded parish status in January 1948. Plaintiff's articles of incorporation as a religious nonprofit corporation were filed with the Texas Secretary of State in 1953. The main church building, located at 5001 Crestline Road, Fort Worth, Texas, was completed and dedicated on All Saints' Day, November 1, 1954.

     4.2    Plaintiff's articles of incorporation state, in part, that the purpose of All Saints' Episcopal Church is "religious. . . for the purpose of maintaining the worship of God and the preaching of the Gospel according to the doctrine, discipline and worship of the Protestant Episcopal Church in the United States of America in conformity with the Constitution and Canons of its General Convention ...."

     4.3    The Episcopal Diocese of Fort Worth is a diocese of The Episcopal Church and The Episcopal Church recognizes Plaintiff as a church in that diocese. The Episcopal Church is a hierarchical church made up of Bishops, Dioceses and parishes.

As a hierarchical church, church members have agreed to be bound by the doctrine and government of The Episcopal Church.

4.4     The Episcopal Church is governed by a Constitution and a set of laws (known as "canons") which it establishes for itself by Convention, but the diocesan bishop is the ecclesiastical (or "church") authority in his or her particular diocese. The bishops of the Episcopal Church have no jurisdiction outside of their diocese.

4.5     The bylaws of Plaintiff All Saints' Episcopal Church provide that its corporate affairs shall be conducted in conformity with the Constitution and Canons of the General Convention of the Episcopal Church in the United States of America and the Constitution and Canons of the Diocese of Fort Worth. However, in the event of a conflict between the Constitution and Canons of The Episcopal Church and either the Canons of the Episcopal Diocese of Fort Worth and the By-Laws of All Saints' Episcopal Church as they relate to the affairs of All Saints' Episcopal Church, the Canons of The Episcopal Church shall prevail to the extent of such conflict.

**B.     Purported Vote By Defendant Iker to Withdraw The Episcopal Diocese of Fort Worth From The Episcopal Church**

4.6     On November 15, 2008, at the annual Diocesan Convention for the Diocese of Fort Worth, the delegates purported to change certain portions of the diocesan constitution and canons which Defendant Iker contends have resulted in the withdrawal of the Episcopal Diocese of Fort Worth from the General Convention of the Episcopal Church. The delegates thereafter voted to purportedly realign the Episcopal Diocese of Fort Worth with the Anglican Province of the Southern Cone, an entity not within The Episcopal Church.

4.7     These actions were neither permitted nor sanctioned by The Episcopal Church and such vote was a nullity.  While the result as to Defendant Iker and his followers is that they have abandoned communion with The Episcopal Church, the Episcopal Diocese of Fort Worth stills exists as a diocese in and of The Episcopal Church.

**C.     The Episcopal Church Accepts Defendant Iker's Renunciation Of His Ordination In The Episcopal Church**

4.8     As a result of Defendant Iker's actions on November 15, 2008, on November 21, 2008, the Presiding Bishop of the Episcopal Church issued a letter of inhibition to Defendant Iker.  Thereafter, on November 24, 2008, Defendant Iker issued a response to the inhibition wherein he stated, "Since November 15, 2008, both the Episcopal Diocese of Fort Worth and I as the diocesan bishop have been members of the Anglican Province of the Southern Cone.  As a result, canonical declarations of the presiding bishop of the Episcopal Church pertaining to us are irrelevant and of no consequence."

4.9     On December 5, 2008, the Presiding Bishop of the Episcopal Church accepted the pronouncements made on November 24, 2008 by Defendant Iker as the renunciation of his ordained ministry of The Episcopal Church.

4.10     As stated above, The Episcopal Church is a hierarchical church, made up of Bishops, Dioceses and parishes.  As a hierarchical church, church members have agreed to be bound by the doctrine and government of The Episcopal Church.  Defendant Iker and his followers chose to break away and abandon communion with The Episcopal Church; accordingly, Defendant Iker is no longer the Bishop of the Episcopal Diocese of Fort Worth. Defendant Iker apparently contends that the result of the vote was that "his"

entire diocese has left The Episcopal Church including those parishes, such as Plaintiff All Saints' Episcopal Church, whose Vestry and Rector did not sanction such a vote.

**D.   Plaintiff's Protectable Right In Its Name**

4.11   Plaintiff has been continuously providing, advertising, and marketing its religious services and works under the name and service mark "All Saints' Episcopal Church" since at least January 1948 as a parish in The Episcopal Church. Additionally, Plaintiff has also been the exclusive provider of religious services of the Anglican Communion under the name All Saints' Episcopal Church in the Fort Worth area. Defendant wrongfully began representing that he and his followers were "All Saints' Episcopal Church." Plaintiff has protectable rights in its name and mark and Defendant is in violation of those rights.

**E.   Defendant's Use of Plaintiff's Name**

4.12   Defendant withdrew from The Episcopal Church and pledged his allegiance to The Anglican Province of the Southern Cone. Though he is no longer a Bishop in The Episcopal Church, he is still providing religious services and works in the North-Central Texas area using the name "Episcopal" in his churches.

4.13   Including on his website, Defendant has been and is currently providing, advertising, and marketing his religious services and works in the Fort Worth area, in part, using the name "All Saints' Episcopal Church." It is Defendant's intent to trade on the goodwill which has been associated in Fort Worth with the name All Saints' Episcopal Church for over fifty years. Defendant's intentional use of Plaintiff's name for one of his churches is part of Defendant's plan to take Plaintiff's property and assets for his Anglican Diocese.

4.14    All Saints' Episcopal Church does not provide, sponsor, authorize or control the content of the religious services and works of Defendant.  Defendant's use of All Saints' Episcopal Church's name is without its express or implied consent.

**F.    Public Confusion and Harm**

4.15    Defendant's unauthorized use of All Saints' Episcopal Church's name in his religious service and works has caused and is likely to cause confusion among the public seeking to participate in, benefit from, or support religious services and work of Plaintiff All Saints' Episcopal Church.

4.16    Members of the public seeking religious services or works of the Plaintiff may attend or support services (including monetary support) based upon Defendant's provision, advertising, and marketing of "All Saints' Episcopal Church" at 4629 Bryce Avenue, only a short distance from Plaintiff's location, under the mistaken belief that Defendant's services are being provided by, sponsored by, or affiliated with Plaintiff when in fact they are not.

4.17    Members of the public may also associate the quality and/or content of the religious services and works offered by Defendant's "All Saints' Episcopal Church" with those offered by Plaintiff, although, as explained above, Plaintiff does not provide, sponsor, authorize, or control the content of Defendant's religious services and works.

4.18    The above two examples are illustrative of the problems created by Defendant's unlawful conduct.  They by no means describe all the ways in which Defendant's use of Plaintiff's name has and is likely to confuse the public or cause harm to Plaintiff.

## G.  Breach of Fiduciary Duties

4.19   As noted above, Plaintiff is a parish in the Episcopal Diocese of Fort Worth

which is a diocese in The Episcopal Church.  Prior to November 15, 2008, Defendant was

the Bishop of the Episcopal Diocese of Fort Worth.  As Bishop, Defendant acted in a

fiduciary capacity to Plaintiff.  However for at least two years prior to the withdrawal of

Defendant from The Episcopal Church, Plaintiff believes that Defendant used money

paid by Plaintiff to the Diocese to fund Defendant's "withdrawal" from The Episcopal

Church.  Plaintiff did not authorize the use of its money for such purposes and

Defendant's use of Plaintiff's money to fund his schismatic departure from The Episcopal

Church is a violation of his trust and a breach of his fiduciary duties to Plaintiff.  Plaintiff

seeks, in part, the recovery of these funds as damages and/or disgorgement.

## V.
## CLAIMS FOR RELIEF

5.1   Plaintiff hereby alleges and incorporates each and every allegation set forth

in the foregoing paragraphs.

## A.  False Designation of Origin or Affiliation

5.2   Beginning at least as early as 1948, Plaintiff adopted and used the name

and service mark All Saints' Episcopal Church in connection with the provision of its

religious services and works in the Fort Worth area as a parish in the Episcopal Diocese

of Fort Worth and The Episcopal Church and has used the name continuously since that

time.  Plaintiff's name has become distinctive of its religious services and works in the

area.

5.3   After breaking away from The Episcopal Church, Defendant knowingly

and intentionally began using Plaintiff's name, All Saints' Episcopal Church, in the Fort

8

Worth area, on his website and in connection with religious services conducted by certain of his followers. Such conduct constitutes false and misleading representations of fact, which have caused and are likely to continue to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff. Defendant's use of Plaintiff's name is also likely to deceive or cause confusion or mistake as to the source or origin of Plaintiff's religious services and works. Defendant uses Plaintiff's name in commerce, among other things, to provide, advertise, and market religious services and works. Such actions constitute a violation of the Lanham Act, 15 U.S.C. §1125.

## B.    Unfair Competition

5.4    As set forth above, beginning as least by 1948, Plaintiff adopted and used the name and service mark All Saints' Episcopal Church in connection with its religious services and works in the Fort Worth area and has used the name continuously since that time. Plaintiff's name is or has become distinctive of its religious services and works.

5.5    Defendant, knowingly and intentionally, has been using the name "All Saints' Episcopal Church" on his website and in connection with a church organized under the auspices of Defendant and his followers. The Defendant's use of Plaintiff's name for this church was intended to mislead the public and lead to confusion and mistake, particularly since Defendant has withdrawn his followers from The Episcopal Church. Defendant is attempting to pass off his services and works as a diocese in the Anglican Province of the Southern Cone as those of Plaintiff, a parish in The Episcopal Church. Such actions constitute unfair competition under Texas common law.

**C.** **Injury to Plaintiff's Business Reputation and Dilution of Plaintiff's Name**

5.6 Beginning at least as early as 1948, Plaintiff adopted and used the name and service mark All Saints' Episcopal Church in connection with its religious services and works in the Fort Worth area. The name All Saints' Episcopal Church has been used continuously by Plaintiff since that time. Plaintiff's name is inherently distinctive or has become distinctive of its religious services and works in the Fort Worth area.

5.7 In approximately January 2009, Defendant began using and is commercially using the name "All Saints' Episcopal Church" in connection with another church that, by his own admission, is not affiliated with The Episcopal Church. Defendant's use of the identical name is likely to cause dilution of the distinctive quality of Plaintiff's name and injure Plaintiff's business reputation. Accordingly, Defendant's conduct violates Texas Business and Commerce Code §16.29.

**D.** **Damages**

5.8 Plaintiff has been damaged by the foregoing acts in at least the following respects:

      a. Plaintiff has lost valuable goodwill;

      b. Defendant has been unjustly enriched;

      c. Plaintiff has incurred expenses in counteracting the effect of Defendant's use of its name; and

      d. Defendant has obtained Plaintiff's funds falsely and has breached his fiduciary duties in his utilization of them.

5.9 Defendant's adoption and use of Plaintiff's name was willful and deliberate.

5.10    As a result, Plaintiff has suffered actual damages and loss and suffered irreparable harm and injury, for which there is no adequate remedy at law that will continue until Defendant's conduct is enjoined. Plaintiff is entitled to an injunction pursuant to Rule 680, Texas Rules of Civil Procedure.

**D.     Injunctive Relief**

5.11    Plaintiff hereby alleges and incorporates each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

5.12    Defendant has irreparably damaged and injured and continues to irreparably damage and injure Plaintiff by the willful and unlawful acts complained of herein.

5.13    Unless Defendant is restrained by this Court, he will continue to cause irreparable damage and injury to Plaintiff for which there is no adequate remedy at law.

5.14    Plaintiff reserves its right to seek a Preliminary Injunction.

**VI.**
**DEMAND FOR JURY TRIAL**

6.1    Plaintiff hereby requests a trial by jury of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A.    Enjoin Defendant from using Plaintiff's name and service mark All Saints' Episcopal Church in connection with the performance, advertising, or marketing of any religious services or works;

B.    Award Plaintiff damages caused by Defendant's wrongful actions;

C.    Award Plaintiff punitive or exemplary damages for Defendant's willful and deliberate conduct;

D.    Award Plaintiff any "profits" Defendant wrongly received by use of Plaintiff's name;

E.    Disgorgement of money received by Defendant from Plaintiff and used by Defendant in breach of his fiduciary duties to Plaintiff;

F.    Award Plaintiff its costs in bringing this action;

G.    Award Plaintiff its reasonable attorneys' fees; and

H.    Award Plaintiff any such other and further relief both general and special, at law and in equity as the Court may deem just and proper.

Respectfully submitted,

Anne Michels          18863600
Michael Kim           24039960
Frank Gilstrap        07964000

HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 (fax)

ATTORNEYS FOR PLAINTIFF
ALL SAINTS' EPISCOPAL CHURCH